**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 15-3098

MELVY JANNETTE BOL-VELASQUEZ; J. M. B-V.,

Petitioners

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos.: A206-792-329 & A206-845-697)
Immigration Judge: Honorable Roxanne C. Hladylowycz

Submitted under Third Circuit LAR 34.1 (a)
on April 5, 2016

(Filed: May 26, 2016)

Before:  FISHER, RENDELL, and BARRY, Circuit Judges

**RENDELL**, <u>Circuit Judge</u>:

Petitioners Melvy Bol-Velasquez ("Bol-Velasquez") and J.M. B-V ("J.M."), her minor son, seek review of the Order of the Board of Immigration Appeals ("BIA") affirming the Order of the Immigration Judge ("IJ") that denied Petitioners' respective applications for withholding of removal and relief under the Convention Against Torture ("CAT"), and J.M.'s application for asylum. We will deny the Petition for Review.

## I. Background

Bol-Velasquez and J.M. are citizens of Guatemala, where they lived in the small impoverished town of Huehuetenango. Bol-Velasquez is of indigenous descent on her father's side. In 1999, at age 19, she gave birth to J.M. Upon J.M.'s birth, the father of J.M. abandoned his relationship with Bol-Velasquez and J.M. Two years later, Bol-Velasquez gave birth to a daughter, whose father, Abdon Feliciano Tello ("Tello"), lived with Bol-Velasquez and J.M. for approximately the next ten years. Tello, however, was physically and psychologically abusive towards Bol-Velasquez and J.M. At one point, when Bol-Velasquez attempted to flee with J.M., Tello attacked J.M. with a knife, cutting J.M.'s leg.

Eventually, Bol-Velasquez and J.M. fled to Bol-Velasquez's mother's house. To support herself, Bol-Velasquez began selling food at a street stand. But soon a local gang

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

began to demand that she give them free food from the stand. The gang later began to demand that she pay them in addition to providing them with free food. These costs made it such that Bol-Velasquez was unable to continue operating her food stand, and she closed it. The gang, however, demanded that she reopen the stand. They threatened her son, J.M., saying they would take him from her if she would not reopen her stand. She feared going to the police and thought that the police would be unlikely to help her. Instead, she left Guatemala and came to the United States.

She entered the United States (without J.M.) in June 2014 at or near Kingsville, Texas, where she was apprehended by Customs and Border Patrol. Customs and Border Patrol issued an expedited order of removal and she was removed from the United States. She reentered the United States in July 2014, accompanied by her son, J.M. She was interviewed by an asylum officer, who found that she had a reasonable fear of returning to Guatemala. Her case was referred to an IJ, where she sought withholding of removal and relief under the CAT. Her son sought these same protections, as well as asylum.[1]

The IJ denied their requests for relief, finding that they had not shown that they had been or would be persecuted on account of their "race, religion, nationality, membership in a particular social group, or political opinion," as is required for asylum and withholding of removal. *See* A.R. 97-103. The IJ rejected Bol-Velasquez's attempt to characterize "indigenous wom[e]n without familial protection" as a distinct social group that was the basis of her and her son's being targeted by the gangs. *See* A.R. 97-99. The

---

[1] Bol-Velasquez, on account of her June 2014 order of removal, is ineligible to seek asylum. *See* 8 U.S.C. § 1231(a)(5).

3

IJ found that they had also not met their burden to qualify for relief under the CAT because they had not shown that the government of Guatemala would be willfully blind to their torture by the gangs.

Petitioners appealed to the BIA. The BIA upheld the determination of the IJ that Petitioners had not met their burden of proof for relief. The BIA, declining to examine whether "indigenous wom[e]n without familial protection" was a distinct social group under the INA, found no error in the IJ's determination that Bol-Velasquez had failed to demonstrate that her membership in this group was "at least one central reason for any past or future persecution" she had endured. A.R. 4. The BIA upheld the IJ's determination that J.M.'s asylum and withholding of removal claims likewise failed as they were based on the same underlying circumstances. A.R. 4-5. The BIA also found no error in the IJ's ruling that the Petitioners had not met their burden to qualify for relief under the CAT as the Petitioners had not shown that the Guatemalan government would be involved—either actively or through willful blindness—in torturing them. A.R. 5.

Petitioners now seek review of the BIA's Order dismissing their appeal.

## II. Jurisdiction and Standard of Review

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's final order of removal. When the BIA substantially adopts the findings of the IJ, we review the decisions of both the BIA and the IJ. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We review legal determinations de novo, although we defer to the BIA's reasonable interpretations of the law. *See Gomez–Zuluaga v. Att'y Gen. of U.S.*, 527 F.3d 330, 339 (3d Cir. 2008) (citing *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467

4

U.S. 837 (1984)). We review factual determinations for substantial evidence, meaning that we must uphold those factual determinations unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Valdiviezo–Galdamez v. Att'y Gen. of U.S.,* 663 F.3d 582, 590 (3d Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)).

### III. Analysis

To be eligible for withholding of removal, Petitioners must demonstrate that there is a "clear probability" that, if they were to return to Guatemala, they would be persecuted "on account of race, religion, nationality, membership in a particular social group, or political opinion." *See Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003); 8 U.S.C. § 1101(a)(42)(A). J.M., who is also seeking asylum, must meet a similar, but less stringent standard for relief via asylum. He must demonstrate that he has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *See* 8 U.S.C. § 1101(a)(42)(A).

We find no error in the BIA's determination that Petitioners have not shown that they were persecuted or would be persecuted on account of their membership in a particular social group. Setting aside, as the BIA did, the issue of whether "indigenous wom[e]n without familial protection" is a cognizable social group under the INA, there is insufficient evidence of a nexus between Bol-Velasquez's membership in that group and her extortion by the gangs.[2] Bol-Velasquez's testimony reflects that the extortion by the gangs was not motivated by her membership in any social group, but, rather, was

---

[2] Bol-Velasquez is not seeking relief on the basis of the alleged domestic violence by Tello. *See* A.R. 4 n.3.

5

"ordinary criminal activity [that] does not rise to the level of persecution necessary to establish eligibility for asylum." *See Abdille v. Ashcroft*, 242 F.3d 477, 494 (3d Cir. 2001); *see, e.g.*, A.R. 161 (Bol-Velasquez testifying that gangs extorted men as well as women). J.M.'s claims for relief likewise fail because he has not articulated, or supported with evidence, how he was or would be targeted on account of his being in a particular social group.[3] Thus, under either the withholding-of-removal or asylum standard, Petitioners have failed to establish their eligibility for relief.

We also find no error with the BIA's determination that the Petitioners have not demonstrated that they are eligible for relief under the CAT. To qualify for relief under the CAT, Petitioners must establish that it is more likely than not that they would be tortured "with the consent or acquiescence of a public official or other person acting in an official capacity" if removed. 8 C.F.R. § 1208.18(a)(1); *see Kaplun v. Att'y Gen. of U.S.*, 602 F.3d 260, 268 (3d Cir. 2010). As the IJ and BIA noted, Petitioners did not present evidence sufficient to demonstrate that any torture they might be subjected to would be done with the consent or acquiescence of any public official. *See, e.g.*, A.R. 161 (Bol-Velasquez testifying that she had never sought help from the police in Guatemala).

### IV. Conclusion

For the foregoing reasons, we will deny Petitioners' Petition for Review.

---

[3] We also see no error in the determination that Petitioners' evidence failed to show that relocation to another part of Guatemala was not a reasonable option, as Petitioners' evidence of local criminal activity did not establish that there was a countrywide threat of persecution. *See* 8 C.F.R. §§ 1208.13(b)(2)(ii), 1208.13(b)(3), 1208.16(b)(2)(ii), 1208.16(b)(3); A.R. 99.